ROYALTY PARTICIPATION TRUST, COMMONWEALTH TRUST COMPANY, TRUSTEE, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32678 through 32697.   Promulgated May 28, 1953.

*James R. Morford, Esq.,* for the petitioners.
*Stephen P. Cadden, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Major Royalty Trust, Series A, Commonwealth Trust Company, Trustee, Docket No. 32679; Oklahoma Royalty Trust, Series R, Commonwealth Trust Company, Trustee, Docket No. 32680; Trusteed Diversified Royalty Trust, Series C, Commonwealth Trust Company, Trustee, Docket No. 32681; Trusteed Diversified Royalty Trust, Series D, Commonwealth Trust Company, Trustee, Docket No. 32682; Trusteed Properties, Series A, Commonwealth Trust Company, Trustee, Docket No. 32683; Mutual Trust, Series TG-1, Commonwealth Trust Company, Trustee, Docket No. 32684; Trusteed Diversified Royalty Trust, Series B, Commonwealth Trust Company, Trustee, Docket No. 32685; Trusteed Diversified Royalty Trust, Series A, Commonwealth Trust Company, Trustee, Docket No. 32686; Underwriters Group Diversified Royalty Trust, Series J, Commonwealth Trust Company, Trustee, Docket No. 32687; Underwriters Group Diversified Royalty Trust, Series H, Commonwealth Trust Company, Trustee, Docket No. 32688; Underwriters Group Capital Retirement Plan, Series UG-B, Commonwealth Trust Company, Trustee, Docket No. 32689; Underwriters Group Capital Retirement Plan, Series UG-A, Commonwealth Trust Company, Trustee, Docket No. 32690; Major Royalty Trust, Series C, Commonwealth Trust Company, Trustee, Docket No. 32691; Oklahoma Royalty Trust, Series T, Commonwealth Trust Company, Trustee, Docket No. 32692; Oklahoma Producing Royalty Trust, Series M, Commonwealth Trust Company, Trustee, Docket No. 32693; American Royalty Trust, Commonwealth Trust Company, Trustee, Docket No. 32694; Basic Commodity Trust, Series NP, Commonwealth Trust Company, Trustee, Docket No. 32695; Empire Investors Trust, Series A, Commonwealth Trust Company, Trustee, Docket No. 32696; Trusteed Diversified Royalty Trust, Series E, Commonwealth Trust Company, Trustee, Docket No. 32697.

470

**OPINION.**

HILL, *Judge:* The respondent contends that all of the trusts here involved are associations taxable as corporations within the meaning of section 3797 (a) (3) of the Internal Revenue Code.[2]  Specifically, he argues that the participating certificate owners in each of the trusts have associated themselves in a joint enterprise for the transaction of a business.

As we have found, each of the trusts has the following features in common: (1) title to the trust property is held by the trustee; (2) a centralized management is created in the depositor and trustee, or in the trustee alone; (3) the continuity of the trust or enterprise is uninterrupted by the death of owners of the beneficial interests, and the beneficial interests evidenced by participating certificates may be

---

[2] SEC. 3797. DEFINITIONS.

(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

    \*       \*       \*       \*       \*       \*       \*

(3) CORPORATION.—The term "corporation" includes associations, joint-stock companies, and insurance companies.

transferred without affecting the continuity of the trusts; and (4) the personal liability of the beneficiaries is limited. Therefore, each of the trusts involved is sufficiently analogous to the corporate organization to justify tax treatment under section 3797 (a) (3) if the trusts, which purport to be strict investment trusts, were in fact organized to enable the participants to carry on a business and divide the gains accruing from their common undertaking.

The powers granted by the trust indenture, and not the extent to which they are used, must determine whether or not each of the trusts constitutes an association taxable as a corporation. *Morrissey* v. *Commissioner*, 296 U. S. 344. The powers and duties of the trustee must be added to those granted by the trust instrument to the depositor in order to arrive at the full amount of permitted managerial activity and its object, *Commissioner* v. *Chase National Bank of the City of New York*, 122 F. 2d 540, affirming 41 B. T. A. 430, for it is well settled that in investment trust cases classification as an association, on the one hand, or as a strict investment trust, on the other hand, depends upon whether any business discretion, other than that incidentally required by the nature of the trust, is reposed in the trustees or those who share the management functions with them under the terms of the trust instrument. *American Participations-Trust*, 14 T. C. 1457.

An examination of each of the trust instruments is then in order. The trust agreements involved in Docket Nos. 32679, 32681, 32682, 32683, 32684, 32685, 32686, 32688, 32689, 32690, 32691, 32696, and 32697 contain language substantially as follows:

The Trustor shall have the exclusive right and privilege from time to time to substitute the Oil Royalty Deeds and/or Oil Working Interests and/or any other property heretofore deposited hereunder in its sole discretion and judgment and to sell, transfer and exchange and otherwise convey the said property included in the trust property herein and to replace, substitute and/or purchase for the same, other properties which the Trustor believes to be beneficial for and for the best interests of the holders of the Trust Certificates and Refunding Certificates hereof, * * *

The trust agreement involved in Docket No. 32687 contains the following language:

On the last day of each calendar month, the Trustee shall allocate all available funds in the Income Account, after the aforesaid deductions as outlined in Paragraph 36, as follows: There shall be transferred to the Reinvestment Fund, a sum equivalent to Twenty-seven and One-half Percent (27½%) of the balance of the Income Account before taking into consideration provisions for the items enumerated in Paragraph 36: (b) There shall be transferred to the Disbursement Fund a sum equivalent to One Percent (1%) of the face value of all Unencumbered Trust Certificates issued and outstanding as of the said last day of said calendar month; (c) After provision for the items specified in Paragraph 36, and the allocation with respect to the provisions for Reinvestment and Disbursement Funds under Paragraph 37, Subdivision A and B, any balance then remaining in the Income Account shall be allocated and transferred to

the Redemption Fund. If at any time the gross revenues received or receivable during any calendar month, after making calculations for provision for an allocation to the Reinvestment Fund under this Paragraph, and further providing for the items specified and enumerated in Paragraph 36, the balance remaining shall be insufficient for the provision set forth in Subdivision B of this Paragraph, then in that event, the Trustor shall have the discretionary right to reduce either the provisions of Subdivision A and/or Subdivision B of this Paragraph.

\* \* \* \* \* \* \*

The Trustor is to have full powers of substitution, sale or exchange of properties and/or securities in this Reinvestment Fund whenever in its discretion such substitution, sale or exchange shall be deemed beneficial to the Certificate holders.

If, in the opinion of the Trustor, it shall be deemed inadvisable either temporarily or permanently to make additional purchases of properties and/or securities for the Reinvestment Fund, the Trustor may in its discretion require the Trustee to transfer any available funds and/or subsequent allocations in the Reinvestment Fund to the credit of the Redemption Fund, as provided for in Paragraphs 52 and 53 hereof.

In each of these trusts the depositor had the right to substitute the properties going to make up the trust res, to sell them, transfer them, or exchange them, to replace, substitute, or purchase trust property in his sole discretion and judgment, limited only by what the depositor believed to be beneficial for, and to the best interests of, the holders of participating certificates.

In short, the depositor had the power to vary at will the existing investments of all participating certificate holders. We can perceive no reason, other than the obvious business reason involved, for the existence of such a wide latitude of business discretion and managerial powers. Therefore, after careful consideration of the evidence submitted by the parties, the trust agreements involved, and the record as a whole, we hold the trusts involved in Docket Nos. 32679, 32681, 32682, 32683, 32684, 32685, 32686, 32687, 32688, 32689, 32690, 32691, 32696, and 32697 to be associations taxable as corporations within the meaning of section 3797 (a) (3) of the Code. *Commissioner* v. *North American Bond Trust*, 122 F. 2d 545, certiorari denied 314 U. S. 701; *Pennsylvania Co. for Insurances on Lives & Granting Annuities, Trustee* v. *United States*, 138 F. 2d 869, certiorari denied 321 U. S. 788.

It is not important that the broad powers granted have never been exercised, or have been exercised to only a limited extent. Each trust must be adjudged not by what has been done but by what could have been done under the trust agreement. *Commissioner* v. *North American Bond Trust, supra.*

The evidence submitted by the parties and the record as a whole support the contention of the petitioners with respect to the trusts involved in Docket Nos. 32678, 32680, 32692, 32693, 32694, and 32695. The trustee's power was limited to collecting the income, payment of

expenses, and disbursing the net proceeds of the trusts to the bene-ficiaries. It is true that some of the indicated trusts did contain provisions requiring the trustee to set apart 5 per cent of the income produced by the trust as a reserve fund from which the trustee was permitted to acquire additional properties for the trust. However, this power existed because of the wasting quality of the assets in-volved, that is, oil and gas properties subject to natural depletion. We do not think the existence of this limited power in the indicated trusts sufficient to taint them with the business character necessary to render them taxable as associations within the meaning of section 3797 (a) (3) of the Internal Revenue Code, and we so hold.

*Decisions will be entered under Rule 50.*