Aloise S. **BUCKLEY** and William F. Buckley, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Nos. 134, 135, Dockets 23531, 23532.

United States Court of Appeals Second Circuit.

Argued March 13, 1956.

Decided March 29, 1956.

John E. Boice, Jr. and C. Dean Reasoner, Washington, D. C., Raymond B. Goodell, New York City, of counsel, for petitioners.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Meyer Rothwacks, Washington, D. C., for respondent.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The facts are set forth in detail in the findings of fact and opinion of the Tax Court, reported at 22 T.C. 1312.

As the Tax Court found, the charters of the "anonymous associations" here involved clearly show a purpose to engage in business activities. This stated purpose is probably conclusive, we think. "The parties are not at liberty to say that their purpose was other or narrower than that which they formally set forth in the instrument under which their activities were conducted." Helvering v. Coleman-Gilbert Associates, 296 U.S. 369, 374, 56 S.Ct. 285, 287, 80 L.Ed. 278. See also Main-Hammond Land Trust v. Commissioner, 6 Cir., 200 F.2d 308, 311–312; Second Carey Trust v. Helvering, 75 U.S.App. D.C. 263, 126 F.2d 526, 528; Royalty Participation Trust v. Commissioner, 20 T.C. 466, 472–473. Our decision in National Investors Corp. v. Hoey, 2 Cir.,

144 F.2d 466 does not require a contrary holding.

More important, even if we were to accept taxpayers' contention that some business activity is essential in order to treat these "anonymous associations" as corporations for tax purposes, we have the fact that the Tax Court found they were actually engaged in business activity; and we think that this finding is not "clearly erroneous."

Since there was sufficient business activity to treat these associations as corporations, it necessarily follows that exceptional circumstances do not exist for disregarding the separate business entity. See Moline Properties, Inc., v. Commissioner, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499; Porter Royalty Pool v. Commissioner, 6 Cir., 165 F.2d 933; Paymer v. Commissioner, 2 Cir., 150 F.2d 334.

Affirmed.