COMMUNIST PARTY OF THE U.S.A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63763. Filed September 14, 1962.

*John J. Abt, Esq.*, for the petitioner.
*Charles R. Johnston, Esq.*, for the respondent.

WITHEY, *Judge:* The respondent has determined a deficiency of $261,050.38 in petitioner's income tax for 1951 and a penalty of $65,262.60 under section 291(a) of the Internal Revenue Code of 1939 on account of the petitioner's failure to file its income tax return within the time prescribed by law. The pleadings as amended present a number of issues among which is that of whether this Court has jurisdiction of the proceeding. An order was entered severing for preliminary determination the issue of jurisdiction and pursuant thereto hearing has been had on that issue.

### FINDINGS OF FACT.

An unincorporated association was organized in 1919 under the name of Communist Party of the U.S.A. and was dissolved on May 20, 1944. Thereafter, at a convention held on May 20–22, 1944, an unincorporated association was organized under the name of Communist Political Association. Subsequently and prior to July 28, 1945, that association was dissolved. Subsequent to the dissolution of the Communist Political Association and in or about July 1945 an unincorporated association was organized under the name of The Communist Party of the United States of America, sometimes hereinafter referred to as the Communist Party, and, on July 28, 1945, that association adopted a constitution. Thereafter and during 1951 and subsequently to the time of the hearing herein, the Communist Party was an active and functioning organization. It was a nationwide organization, had State and local groups and international organizations, and "did all kinds of things."

On May 18, 1956, the respondent mailed the notice of deficiency involved herein, dated May 18, 1956, and addressed to:

Communist Party of the U.S.A.
101 West 16th Street
New York 11, New York

At that time the Communist Party maintained and occupied an office at the foregoing address. Eugene Dennis, after having come into possession of the notice of deficiency, gave it to John J. Abt, the petition-

er's attorney herein, with a request that he represent the party in the matter.

Theretofore and since about 1951 Abt had represented the Communist Party in various legal matters. Included in such matters was the matter of a jeopardy assessment of a deficiency in Federal income tax for 1951 which had been made against the party in or about March 1956. Pursuant to a request that he represent the party with respect to the tax matter made by William Z. Foster and Eugene Dennis, Abt conferred with the district director about the matter and also instituted proceedings in the United States District Court for the Southern District of New York on behalf of the party to enjoin collection of the tax.

After having received from Dennis the notice of deficiency involved herein and pursuant to the request of Dennis, Abt prepared a petition with respect thereto and discussed with Foster and Dennis the matter of who should verify the petition. Dennis informed Abt that Philip Bart had been appointed acting treasurer of the Communist Party and that he (Dennis) and Foster had authorized Bart to verify the petition. Abt then signed the petition as "Counsel for Petitioner" and submitted it to Bart who verified it as follows:

STATE OF NEW YORK ⎫ ss:
COUNTY OF NEW YORK ⎭

Philip Bart, being duly sworn, says that he is the acting treasurer of the petitioner above-named and is duly authorized by it to verify the foregoing petition; that he has read the foregoing petition and is familiar with the statements contained therein, and that the statements contained therein are true, except those stated to be upon information and belief, and that those he believes to be true.

/s/ PHILIP BART.

Subscribed and sworn to before me this 13 day of August, 1956.

/s/ THEODORE MARVIN,
     *Notary Public.*

Following Bart's verification of the petition, Abt forwarded it to the clerk of this Court for filing. Such petition was filed with this Court on August 14, 1956, and is the petition involved herein. Abt was not an official of the party during the period 1951 through 1956, and Foster and Dennis died prior to the hearing herein.

About January 1956, Dennis appointed Philip Bart acting treasurer of the Communist Party. Approximately a year later and in the early part of 1957 Bart ceased to be acting treasurer of the party. At the time he assumed his duties as acting treasurer in 1956, Bart did not receive any books or other records from a predecessor with respect to the office nor did he have knowledge of any such records.

Bart's duties as acting treasurer of the Communist Party were to receive moneys which came in in the form of contributions or "from an affair or some such occasion" which were recorded as income and to

disburse them as directed by Dennis.   Although Bart had authority to and did sign checks, the disbursements represented thereby were made at the direction of Dennis.

During the period he was acting treasurer, Bart did not keep any bound books or records in which the moneys received were recorded. The books and records kept by him were written monthly reports made by him to Dennis in the form of daily report sheets showing moneys received and sums disbursed.   Such a system of bookkeeping was referred to by Bart as a daybook which had an entry of income and a voucher which indicated an expense and so far as Bart knew those were the only books in existence at that time.   When he ceased to be acting treasurer, Bart delivered such records as he then had to Dennis.

During the time he was acting treasurer, Bart never made any report to the membership of the Communist Party as to his operations as acting treasurer.   Neither did he hold nor was he appointed to or elected to any other office involving the affairs of the party.   Bart verified the petition involved herein at the request of Dennis.

The constitution of the Communist Party adopted July 28, 1945, amended August 6, 1948, and in effect at all times pertinent herein, provided, in part, as follows:

### ARTICLE III

#### Membership

\*       \*       \*       \*       \*       \*       \*

Section 3. A Party member is one who accepts the aims, principles and program of the Party as determined by its Constitution and Conventions, who belongs to a Club and attends its meetings, who is active in behalf of the Party program, who reads and circulates the Party press and literature and who pays dues regularly.

\*       \*       \*       \*       \*       \*       \*

### ARTICLE IV

#### Rights and Duties of Members

\*       \*       \*       \*       \*       \*       \*

Section 6. Communist Party members, in accord with the provisions set forth in this Constitution, have the right to be nominated and elected to all offices or committees.

\*       \*       \*       \*       \*       \*       \*

### ARTICLE V

#### Initiation Fees, Dues and Assessments

Section 1. Initiation fees and dues shall be paid according to rates fixed by the National Convention.

Section 2. The income from dues and initiation fees shall be distributed to the various subdivisions of the Party as determined by the National Convention.

Section 3. Special assessments may be levied by the National Convention or by a two-thirds vote of the National Committee. All local or district assessments are prohibited except by special permission of the National Committee.

\*      \*      \*      \*      \*      \*      \*

## ARTICLE VII

### National Organization

Section 1. The highest authority of the Party is the National Convention. Regular National Conventions shall be held every two years. The National Conventions are authorized to make political and organizational decisions binding upon the entire Party and its membership, except as provided in Article VII, Section 7.

\*      \*      \*      \*      \*      \*      \*

Section 3. Special National Conventions may be called either by a two-thirds vote of the National Committee or by vote of two-thirds of all State and District Committees. The time and place of such special Conventions shall be fixed by the National Committee, which shall also fix the basis for representation at such special Conventions and the manner of selection of delegates.

\*      \*      \*      \*      \*      \*      \*

Section 5. The National Convention shall elect a National Committee by a majority vote. A member of the Party to be eligible for election to the National Committee shall have been in continuous good standing for at least five years.

Section 6. The number of members of the National Committee shall be determined by a majority vote of each National Convention.

Section 7. The National Committee is responsible for the enforcement of the Constitution and the execution of the general policies adopted by the National Convention.

Between National Conventions, the National Committee is the highest authority of the Party, representing the Party as a whole, and as such has the sole and complete authority to make all decisions and take all actions necessary and incidental to the good and welfare of the entire Party, and to act upon all problems and developments occurring between Conventions. In connection with its duties, and in the exercise of its responsibilities therefor, the National Committee shall guide and direct all the political and organizational work of the Party; organize and supervise its various departments and committees; elect or remove editors of its publications who shall work under its leadership and guidance; organize and direct all undertakings of importance to the entire Party; and administer the national treasury. The National Committee shall submit a certified audited financial report to each National Convention.

The National Committee shall have the duty and the authority to make such decisions or take such actions as it deems necessary in any emergency or situation affecting the life and welfare of the Party.

The National Committee is authorized in its discretion from time to time to delegate to the National Officers or any of them, any of the duties, responsibilities or authorities of the National Committee.

Section 8. The National Committee shall elect a chairman, a general secretary, and such other officers or committees as it decides upon.

The officers and committees elected by the National Committee are responsible for their decisions and actions to the National Committee. Members of such committees and all officers may be removed or replaced by a majority vote of the National Committee.

Section 9. The National Committee shall meet as often as necessary at the call of the officers or by a majority vote of the National Committee.

\* \* \* \* \* \* \*

### ARTICLE IX

#### Amending the Constitution

Section 1. This Constitution may be amended by a majority vote at any regular or special National Convention.

### ARTICLE X

Section 1. The Communist Party is not responsible for any political document, policy, book, article, or any other expression of political opinion except such as are issued by authority of this and subsequent national conventions and its regularly constituted leadership.

During 1956 William Z. Foster and Eugene Dennis were chairman and general secretary, respectively, of the national committee of the Communist Party. The deficiency shown in the notice of deficiency involved herein was determined by respondent against the unincorporated association organized in or about July 1945 under the name of The Communist Party of the United States of America.

#### OPINION.

One who files a petition with this Court has the burden of proving that the Court has jurisdiction of the proceeding. *National Committee To Secure Justice, Etc.*, 27 T.C. 837 (1957), and cases there cited. The jurisdiction of the Court is prescribed and limited by statute and all jurisdictional facts therefore must be shown affirmatively. *Wheeler's Peachtree Pharmacy, Inc.*, 35 T.C. 177 (1960) ; *Herbert Brush Mfg. Co.*, 22 B.T.A. 646 (1931) ; *Consolidated Companies, Inc.*, 15 B.T.A. 645 (1929). Among the essential facts to be pleaded and proved is adequate authority by which the person purporting to bring a petition on behalf of another acts. Unless the petition is filed by the taxpayer, or by someone authorized to act in behalf of the taxpayer, the Court is without jurisdiction. *Soren S. Hoj*, 26 T.C. 1074 (1956) ; *Coca-Cola Bottling Co.*, 22 B.T.A. 686 (1931) ; *Louisiana Naval Stores, Inc.*, 18 B.T.A. 533 (1929) ; *Consolidated Companies, Inc., supra.*

The respondent, although recognizing that the petition herein bears the name of the Communist Party as petitioner, takes the position that the record fails to show that the persons who caused and participated in the preparation and filing of the petition on behalf of the party were authorized to do so. In support of his position, he points out that the constitution of the party provides that the highest authority of the party is the national convention; that the national convention shall elect a national committee; that between national conventions,

the national committee is the highest authority of the party and "has the sole and complete authority" to make all decisions and take all actions necessary and incidental to the good and welfare of the party, and to act upon all problems and developments occurring between conventions and that in connection with its duties and in the exercise of its responsibilities therefor, the committee shall direct all undertakings of importance to the party and administer the national treasury; that the national committee shall elect a chairman, a general secretary, and such other officers or committees as it decides upon and who are responsible to the committee for their actions; and that the national committee has authority in its discretion from time to time to delegate to the national officers or any of them, any of the duties, responsibilities, or authorities of the committee. The respondent contends that under the foregoing provisions of the constitution of the party authority for instituting and filing a petition with respect to the notice of deficiency lay only in the national committee unless the committee had delegated its authority to do so to the national officers or some of them and that since the record fails to disclose any such delegation of authority, we should conclude that the persons who caused the petition to be prepared and filed were without authority to do so and that therefore we are without jurisdiction of the proceeding.

There is no showing, nor is there any contention, that any national convention of the Communist Party was held during 1956. Consequently in accordance with the party's constitution we must conclude that during that year the highest power in the party was in the national committee. Under the broad powers conferred on it by the constitution the national committee alone had authority to determine whether a petition should be filed with respect to the notice of deficiency in issue and to institute and file such a petition, unless it had delegated such authority to the officers of the party or some of them.

In addition to appearing as counsel for the petitioner at the hearing, Abt testified as the sole witness for it. He testified that he was not an official of the Communist Party during the period 1951 through 1956 and that he did not know of any specific action of the national committee during 1956 in which it delegated any of its duties, responsibilities, or authorities to any of the officers of the party. Although Abt testified to seeing Foster and Dennis functioning as officers of the party and that Dennis "performed the normal duties of chief executive officer of the association," we find nothing in that or other of his testimony from which we can conclude that either Foster or Dennis, or both, were authorized by the national committee to cause the filing of the petition herein or that their action in causing it to be filed was ever ratified by the national committee. At the hearing Bart testified as the sole witness called by the respondent. We find nothing in his testimony or elsewhere in the record to show that the national com-

mittee either created the office of acting treasurer or authorized Foster or Dennis, or both, to create such an office or authorized Bart's appointment as acting treasurer or ratified the creation of such an office and Bart's appointment to it. Nor do we find anything in his testimony or elsewhere in the record to show that the national committee either authorized or ratified the filing of the petition herein.

The petitioner placed in evidence a copy of the constitution of the Communist Party adopted by the party on July 28, 1945, and amended August 6, 1948, without restriction as to the purpose for which it was put in evidence. Since that instrument was in effect throughout the years 1951 through 1956 and in the absence of any other evidence showing the line of authority in the party during those years, we think it is proper to accept and rely on it as authoritative and showing the line of authority in the party during 1956 and for determining whether those persons instituting and filing the petition in issue had the authority to do so. Cf. *Buckley* v. *Commissioner*, 231 F. 2d 204 (C.A. 2, 1956), affirming 22 T.C. 1312. In this connection we think that if Foster or Dennis, or both, had authority to cause the filing of the petition, it is significant that neither of them verified it but that instead Dennis requested Bart to do so. No explanation of such action appears in the record.

Since it has not been shown that the parties who instituted, participated in the preparation and execution of, and filed the petition herein, namely, Foster, Dennis, Bart, and Abt, were authorized either separately or collectively to do so, we hold that we are without jurisdiction of the instant proceeding. Accordingly an order will be entered dismissing the proceeding for lack of jurisdiction.