JOSEPH A. KRUSZYNSKI AND DALE S. KRUSZYNSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kruszynski v. Commissioner
Docket Nos. 27075-81, 23629-82, 11567-83, 18658-84
United States Tax Court
T.C. Memo 1993-271; 1993 Tax Ct. Memo LEXIS 271; 65 T.C.M. (CCH) 2982; June 21, 1993, Filed *271 Held, P's motions (1) to vacate, as to P, decisions which have become final on the grounds (a) that the Court lacked jurisdiction as to P since attorney chosen by P's spouse lacked authority to file case on P's behalf, and (b) that fraud on the Court was perpetrated; and (2) to "Reinstate Action" to permit Court to consider P's innocent spouse claim pursuant to I.R.C. sec. 6013(e), are denied. For Dale S. Kruszynski, petitioner: Jeffrey D. Hupert. For respondent, Joan Steele Dennett. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court (as to each docket number) on a Motion to Vacate Decision as to Dale S. Newman [petitioner Dale S. Kruszynski] and Reinstate Action, filed by petitioner Dale S. Kruszynski. Respondent has noted an objection in each docket number. The petitions in these cases were signed and filed on behalf of petitioners by three attorneys who are admitted to practice in this Court and are members in good standing of its bar. On December 4, 1990, the Court entered a decision at docket Number 27075-81 pursuant to a settlement stipulation signed by Rex A. Guest, counsel for petitioners, and James F. Hanley, Jr., counsel for respondent. *272 On December 5, 1990, the Court entered decisions at docket Numbers 23629-82, 11567-83, and 18658-84, also pursuant to stipulations signed by counsel for the respective parties. No notices of appeal having been filed, these decisions became final on March 4, 1991, as to docket Number 27075-81, and on March 5, 1991, as to the remaining dockets. Secs. 7481 and 7483. (All section references are to sections of the Internal Revenue Code in effect as of the date of this Order. Rule references are to the Tax Court Rules of Practice and Procedure.) On March 19, 1993, more than two years after the above-mentioned decisions were entered, the Court granted leave to petitioner Dale S. Kruszynski (petitioner), who is now known as Dale S. Newman, to file at each above-listed docket a Motion to Vacate Decision as to Dale S. Newman and to Reinstate Action, each of which Motions is virtually identical to the others. The basis for these Motions is stated therein to be as follows: Newman is seeking to reopen this case on the grounds that the instant Tax Court case was brought by her ex-husband (then her husband) Joseph Kruszynski ("[sic] Kruszynski) without her knowledge and consent, that her *273 interests were not represented therein, that this Court never had jurisdiction over her, and that a fraud was committed upon the Court by representations that the case was brought on her behalf. She seeks the opportunity to reopen this case in order to present evidence that she should be excused from liability as an "Innocent Spouse" pursuant to IRC section 6013(e). [Fn. ref. omitted.]
Thus, petitioner is simultaneously claiming that she has never been subject to the jurisdiction of this Court, while seeking to reinstate these cases to present an "innocent spouse" claim pursuant to section 6013(e). However, a dismissal for lack of jurisdiction as to petitioner would preclude the Court from considering that claim on the merits. Levitt v. Commissioner, 97 T.C. 437, 442-443 (1991). Only if we were to decide that we do have jurisdiction with respect to petitioner and were to further decide that there was a fraud on the Court could we reach the issue of petitioner's status as an innocent spouse. As we noted in Levitt, Rule 41(a) precludes conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction *274 under the petition as then on file. Petitioner's Motions and her Affidavits attached as exhibits in support thereof state, among other things, that petitioner's former husband, Joseph A. Kruszynski (Kruszynski), was a C.P.A.; that petitioner simply turned over to him, unread, all IRS communications addressed to the couple jointly; and that she relied on him to deal with the couples' joint tax affairs. Petitioner further states that Kruszynski is now in Chapter 7 bankruptcy and that petitioner had no actual knowledge of the Tax Court cases until late 1991 when she was contacted by an IRS collection officer and shortly thereafter received an IRS Notice of Intent to Levy. Petitioner submitted with each Motion a copy of the 31-page Judgment for Dissolution of Marriage dated November 6, 1985, which was signed in person by petitioner and Kruszynski. Article XI, sections 11.2. D. and 11.2. E., provides: D. The Husband shall have the sole election to contest any deficiency assessment asserted in connection with the parties' joint income tax returns. In the event the Husband so elects, the Wife shall cooperate fully with the Husband's selected representative in contesting said assessment, *275 including her execution of any and all necessary documents, supplying of any and all records and information and the furnishing of testimony, if necessary and appropriate, in pursuing the said contest. E. In view of Wife's clear intention to be absent from the United States for extended periods of time, she agrees that she will execute a power of attorney to any representative selected by Husband to represent him with respect to the audit or contest relative to any income tax matters. Such power of attorney shall be jointly issued by Husband and Wife and shall comply in all respects with the requirements imposed by the Internal Revenue Service with respect to appointment of representatives authorized to appear in such matters.
It may be stated that, as a general rule, this Court no longer has jurisdiction to vacate a decision after it has become final. However, the Court has jurisdiction to vacate a final decision where the Court lacked jurisdiction when the decision was entered. Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989), remanding an unpublished Order of this Court; Abeles v. Commissioner, 90 T.C. 103, 105 (1988); *276 see Casey v. Commissioner, T.C. Memo. 1992-672. We also have jurisdiction to vacate a decision that was entered as a result of fraud on the Court. Toscano v. Commissioner, 441 F.2d 930, 933 (9th Cir. 1971). Whether an attorney has authority to act on behalf of a taxpayer is a factual question to be decided according to the common law principles of agency. Adams v. Commissioner, 85 T.C. 359, 369-372 (1985). Under the common law principles of agency, authority may be granted by express statements or may be derived by implication from the principal's words or deeds. See Casey v. Commissioner, T.C. Memo. 1992-672. By her entire course of action leading up to her divorce from Kruszynski, petitioner impliedly authorized him to represent her with respect to their joint income tax matters. Although she was aware that communications were arriving from the IRS she chose not to involve herself in the matter and turned the communications, unopened, over to her erstwhile spouse. Fully consistent with this course of conduct petitioner thereafter expressly authorized *277 Kruszynski to act on her behalf as to the contest of any joint tax deficiency, and agreed to fully cooperate in connection therewith if asked to do so. She also made clear her intention of absenting herself from the scene "by leaving the country for extended periods of time," and agreed to execute a power of attorney to any representative selected by Kruszynski to represent petitioner and Kruszynski to contest "any income tax matters." We reiterate, that the Judgment for Dissolution of Marriage, which we have quoted, was signed by petitioner in person and not by any third party on her behalf, so there can be no mistake that it was her own voluntary act. We accordingly conclude that petitioner authorized the filing and prosecution of the petitions in these cases and that this Court does not lack jurisdiction with regard to petitioner. Petitioner also contends that the decisions entered by this Court should be set aside on the ground that they were entered as a result of fraud on the Court. In Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988), we defined fraud on the Court as: *278 "Only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner, 441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * *
At the time the joint returns at issue in these cases were filed, petitioner and Kruszynski were married. Petitioner signed the joint returns and authorized Kruszynski to represent her with respect to their joint income tax matters, including retaining counsel of his choice to "contest any deficiency assessment" asserted against the couple. We thus conclude that petitioner has failed to show by clear and convincing evidence that the decisions were entered through a fraud upon the Court. Accordingly, we will not *279 address petitioner's liability as an innocent spouse. For the above reasons, petitioner's motions will be denied. An appropriate Order will be issued.