REGIS D. DAHL AND LAVELLE A. DAHL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dahl v. Commissioner
Docket No. 39733-85
United States Tax Court
T.C. Memo 1995-179; 1995 Tax Ct. Memo LEXIS 173; 69 T.C.M. (CCH) 2443; April 17, 1995, Filed *173 An appropriate order will be issued denying petitioner Lavelle A. Dahl's amended motion to vacate the decision as to her. Lavelle A. Dahl, pro se For respondent: Bradley T. Stanek. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: On October 28, 1985, a petition with respect to the taxable year 1980 was filed in this Court on behalf of petitioners by Daniel Alef, a member of the bar of this Court in good standing. The case having been called for trial in due course at a trial session of the Court at Los Angeles, California, a stipulation of settlement was entered into by the parties (Daniel Alef representing petitioners) on June 30, 1988, and pursuant thereto a decision was entered by the Court on July 12, 1988. No appeal from this decision was taken, and no further action in this case appears to have taken place until May 5, 1994, when petitioner Lavelle A. Dahl filed a motion for leave to file a motion to vacate the above decision, which embodied the motion to vacate itself. Respondent objected to petitioner's motion for leave to file said motion to vacate on August 30, 1994. The matter was automatically stayed because of the pendency of a case in the Bankruptcy Court to which *174 petitioner Lavelle A. Dahl was a party, but the stay of proceedings due to the bankruptcy case was lifted by the Bankruptcy Court on August 24, 1994. Respondent having opposed petitioner's motion on August 30, 1994, and leave to file the motion having been granted, petitioner's motion to vacate, as amended on November 15, 1994, came on for hearing before the Court on December 13, 1994. Petitioner Lavelle A. Dahl appeared on her own behalf, respondent was represented by counsel, a stipulation of facts and exhibits was filed, and witnesses were heard. As this Court said in its order of September 15, 1994, in which this matter was set down for hearing: No appeal from the decision of this Court in the instant case has been taken, and ordinarily the decision would be final by now, secs. 7481(a)(1), 7483, I.R.C. While we think it is clear that ordinarily a decision of the Court which has become final cannot be vacated, see Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir. 1988), there are two recognized exceptions to this rule: (1) Where there has been a fraud upon the Court which procured the decision, see Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); *175 and (2) a similar lack of jurisdiction in this Court because the petition that was filed herein, ostensibly on behalf of a party, as well as the decision agreed to in such case, was not done by a person duly authorized by the taxpayer-petitioner to do so, see Slavin v. Commissioner, 932 F.2d 598 (7th Cir. 1991); Kruszynski v. Commissioner, T.C. Memo. 1993-271. * * *
To the above recitals of the issues presented here, there must be added a third: (3) that this Court lacked jurisdiction in the premises because the statutory notice forming the basis of the case herein was invalid because it was not sent to petitioner at her last known address. We will consider the contentions separately. 1. The Powers of Attorney
Petitioner contends that a fraud on this Court was practiced in that two Forms 2848, "Power of Attorney and Declaration of Representative", purporting to grant authority to represent petitioners (before the Internal Revenue Service) to Gary Stettner, C.P.A., were false and fraudulent in that the alleged signatures to these powers of attorney were not petitioner's signatures; and further, that another *176 document purporting to be a general power of attorney from petitioner to the other petitioner herein, Regis D. Dahl, was also not signed by her and was not properly notarized. We do not find it necessary to rule on the validity of these powers of attorney in this case. These purported powers do not give anyone the power or right to bring an action in this Court, nor could they do so. Only a member of the bar of this Court may bring an action here, unless petitioner chooses to act pro se. Rules 24, 200, Tax Court Rules of Practice and Procedure. Since the alleged powers of attorney here do not purport to give the power to anyone to bring the instant action, and indeed the named persons did not attempt to bring this action, there has accordingly been no fraud on the Court, cf. Anderson v. Commissioner, 693 F.2d 844 (9th Cir. 1979), and we proceed to the next point of argument. 2. The Last Known Address
As stipulated by petitioner Lavelle Dahl [1] and respondent herein, duplicate statutory notices of deficiency for the tax year 1980 were timely mailed by respondent to Lavelle A. Dahl in Bonita Springs, Florida; to Regis D. Dahl in Englewood, *177 Colorado; and to Regis D. Dahl in Evergreen, Colorado. Petitioner Lavelle Dahl claims that the statutory notice addressed to her was not sent to her last known address, but that she was by that time a resident of Lake Mary, Florida, having been divorced from Regis Dahl in Colorado in 1981, and had so notified respondent on two prior income tax return filings, for the years 1983 and 1984. There is no proof of such notification in this record. As to the provenance of respondent's statutory notice which was sent to Lavelle Dahl in Bonita Springs, Florida, and filed by counsel with the petition herein, there is confusion in this record. Lavelle Dahl stoutly denies that she ever received such notice. The attorney who filed the petition in this case, Daniel Alef, was unclear how the petition came into his hands, stating that it may have come from petitioner Regis Dahl or from *178 Gary Stettner, C.P.A., who had been working on the case. The important fact, however, is clear: the statutory notice of deficiency that was addressed to petitioner Lavelle Dahl in Bonita Springs, Florida, was attached to the petition which was signed by Daniel Alef as counsel and was filed herein. It is certainly true that a statutory notice that is sent to a taxpayer at a wrong address may cause a later-filed petition to be dismissed for lack of jurisdiction, Shelton v. Commissioner, 63 T.C. 193 (1974); cf. Abeles v. Commissioner, 91 T.C. 1019 (1988), but it is nevertheless true that where a statutory notice may have been sent to the wrong address, but the taxpayer still receives the notice without prejudicial delay and files a timely petition with this Court, the notice of deficiency is valid. Mulvania v. Commissioner, 769 F.2d 1376 (9th Cir. 1985), affg. T.C. Memo. 1984-98; Clodfelter v. Commissioner, 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Freiling v. Commissioner, 81 T.C. 42 (1983); *179 Brzezinski v. Commissioner, 23 T.C. 192 (1954). The fact here is that the statutory notice that was sent to petitioner Lavelle Dahl in Bonita Springs, Florida, was the one that was attached to the petition herein. Its receipt is thus obvious. We accordingly hold that the lack of proper address (if indeed there was) does not destroy our jurisdiction here because a petition, including the statutory notice as required by our Rules, Rule 34(b)(8), was timely filed herein. Powell v. Commissioner, 958 F.2d 53 (4th Cir. 1992); see Clodfelter v. Commissioner, supra.
3. Petitioner's Representation
We come now to the final issue in this matter. Petitioner Lavelle Dahl earnestly contends that she has never seen, spoken to, nor corresponded with attorney Daniel Alef; that she did not authorize him to represent her in the present proceeding before the Tax Court, nor did she authorize him to enter into the stipulation by which this case was settled in 1988, as referred to above herein. Attorney Alef, who testified in this proceeding, stated he had authority to represent both Regis and *180 Lavelle Dahl, that he was employed personally by Regis Dahl to bring and settle the instant case, and that he believed he was authorized to do so by Lavelle Dahl in a telephone conversation with a person purporting to be Lavelle Dahl prior to the time the petition in the instant case was filed. Petitioner Lavelle Dahl denies any recollection of this alleged conversation. Where an issue is raised, as here, as to the authority of counsel to represent a petitioner in this Court, a factual issue is raised which calls for an evidentiary hearing. Slavin v. Commissioner, 932 F.2d 598 (7th Cir. 1991), revg. T.C. Memo. 1990-44. Authority to represent petitioner, as here, may be expressly granted or may be derived by implication from the actions of the parties, such as a continued acquiescence by a wife allowing her husband to handle their tax affairs. DiSanza v. Commissioner, T.C. Memo. 1993-142, affd. 9 F.3d 1538 (2d Cir. 1993); Kruszynski v. Commissioner, T.C. Memo. 1993-271. Where a petitioner in a case before this Court challenges the *181 authority of counsel to act on his behalf, the burden of proof is on such petitioner to show counsel's lack of authority, Smith v. Commissioner, T.C. Memo. 1990-430. More importantly, the authority of a duly licensed attorney appearing in this Court to act on behalf of any litigant he purports to represent is presumed; a lack of such authority should be proved by the person challenging it. Communist Party of the United States v. Commissioner, 332 F.2d 325 (D.C. Cir. 1964), revg. 38 T.C. 862 (1962). However, we think there is no necessity to decide this issue based upon any presumption, failure of proof, or the like. There was stipulated into evidence herein the separation agreement which was entered into between petitioners Regis Dahl and Lavelle Dahl at the time of their separation in 1981 and previous to their divorce. In paragraph 5.1 of that agreement, it is stated: 5.1 Husband shall be responsible for the payment of any deficiency due and owing on the 1980 income tax return, and all interest, penalties and costs of any audits of the 1980 and 1981 tax returns except for maintenance *182 paid from and after the date of this agreement.
We find here that there was a specific agreement between Lavelle Dahl and Regis Dahl that he would handle the couple's tax affairs for 1980 and 1981, and we further find that there was a specific delegation of authority from Lavelle Dahl to Regis Dahl for him to do so. We think this necessarily included the authority from Lavelle Dahl to Regis Dahl, permitting him to engage counsel, to file the instant action in this Court, and to conclude a settlement of it, and this is what attorney Alef did. We accordingly find that petitioner Lavelle Dahl was properly represented before this Court (attorney Alef's authority to do so never having been revoked, so far as we can see), with the result that there was no lack of jurisdiction in this Court to consider the case. An appropriate order will be issued denying petitioner Lavelle A. Dahl's amended motion to vacate the decision as to her. Footnotes
1. Petitioner Regis D. Dahl did not appear and is not a party in interest to the present proceeding, but is still a party of record in this case.↩