LINCOLN TANK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20787. Promulgated March 19, 1930.

*George S. Atkinson, Esq.,* and *Luke B. Garvin, Esq.,* for the petitioner.

*R. W. Wilson, Esq.,* for the respondent.

OPINION.

MARQUETTE: The pleadings and the stipulation entered into by the parties hereto raise a number of issues, all of which relate to

the merits of the controversy. However, in view of our conclusions hereinafter expressed, these issues need not be considered.

The laws of Texas provide that upon the dissolution of a corporation for any cause, unless a receiver is appointed by a court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees to settle its affairs, and that the existence of the corporation may be continued for three years for that purpose. Vernon's Annotated Texas Statutes, Articles 1388 and 1389. But there is no provision for the continuance of the corporate existence for more than three years unless a receiver be appointed by the court, and where a receiver is not appointed, the corporation at the end of three years from the date of dissolution is dead, and its power to act and the powers of its former president and directors to act in its behalf cease. It has been so held by the courts of Texas.

The Supreme Court of the United States, discussing the status of dissolved corporations, said in *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257:

It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect (citing authorities). It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice*. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes, it is necessary that there should be some statutory authority for the prolongation.

It is clear that the Lincoln Chemical Co. ceased to exist on May 23, 1924, and at the same time the power and authority of its officers and directors terminated. The situation with which we are confronted is identical with that in the case of *S. Hirsch Distilling Co.*, 14 B. T. A. 1073, in which we held that we are without jurisdiction to hear and determine a proceeding instituted and prosecuted by a corporation whose existence is wholly terminated. In that case we said:

From the foregoing opinions we conclude that after the 30th day of June, 1920, the S. Hirsch Distilling Co., a corporation, ceased to exist. All of the rights which it as a corporation had theretofore had were completely extinguished. It no longer had any right to do anything. Having been thus wiped out, no legal entity remained to institute this proceeding. The attempt on the part of one of its former officers to institute a proceeding in its behalf has resulted in nothing since he could not by his own acts raise the dead. A petition filed for and on behalf of a wholly dissolved corporation does not give this Board jurisdiction.

It follows from what we have said that we have no jurisdiction to hear and determine this proceeding, and that the petition must be and is dismissed.