HERBERT BRUSH MFG. COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15784. Promulgated March 10, 1931.

*James J. O'Byrne, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

McMAHON: Under date of March 12, 1926, the respondent mailed a letter to the Herbert Brush Mfg. Company, asserting a deficiency in its income and profits tax for the calendar year 1918 in the amount of $108,026.87. On May 10, 1926, a petition was filed with this Board purporting to be filed on behalf of the Herbert Brush Mfg. Company and alleging three errors in the respondent's computation of its tax liability. On October 30, 1928, hearing was duly had under the provisions of Rules 62 (a) (b) of the Board's rules of practice upon the first two issues raised by the pleadings. The Board promulgated its opinion upon these two issues on March 1, 1929 (15 B. T. A. 673), and the case was restored to the calendar for further proceedings under Rule 62 (d). On February 21, 1930, the respondent filed a proposed redetermination under Rule 62. Thereafter, on March 7, 1930, James J. O'Byrne, as counsel for the petitioner, filed an application for a subpoena *duces tecum*, wherein it was stated that counsel for petitioner believed that the corporations with which the petitioner was compared by the Commissioner in the determination of its profits tax are not proper comparative corporations. Hearing on this issue was had on April 3, 1930, at which time it was first suggested by counsel for respondent that the Board lacks jurisdiction to hear and determine the proceeding for the reason that the pleadings show that the Herbert Brush Mfg. Company, the petitioner herein, had been dissolved prior to the time the petition was filed.

It is alleged in the petition and admitted in the answer that " the petitioner was a corporation, formerly incorporated under the laws of the State of New York and since legally dissolved and then having

its principal office at 14 Thomas Street, Kingston, New York." The petition was filed by Amos Van Etten as counsel for petitioner and was verified by Joseph M. Herbert, who, the record discloses, was the vice president of the Herbert Brush Mfg. Company, during the year 1918. Such verification was in terms as follows:

STATE OF NEW YORK,
   *County of Ulster, ss:*

JOSEPH M. HERBERT, hereby duly sworn, says that he was the VICE PRESIDENT of the Herbert Brush Manufacturing Company, the petitioner above named, that the Herbert Brush Manufacturing Company was a corporation of the State of New York and under proceedings of that State it has been dissolved, and that he is duly authorized to verify the foregoing petition; that he has read the foregoing petition, or had the same read to him, and is familiar with the statements contained therein; that the facts stated are true, except as to those facts stated to be upon information and belief, and those facts he believes to be true.

(Signed)      JOSEPH M. HERBERT.

The evidence shows that the Herbert Brush Mfg. Company was dissolved in 1919 or 1920, and that its assets were distributed among its stockholders, a father and four sons. The company had operated five units and each stockholder took one of the units, which were continued as separate corporations. Under the statutes of New York in force during 1919 and 1920 a corporation, after its dissolution, is continued in existence through its board of directors for the purpose of winding up its affairs. See sections 35 and 221 of the General Corporation Law of the State of New York. (McKinney's Consolidated Laws of New York.) There is nothing in the record to show that Joseph M. Herbert or Amos Van Etten or James J. O'Byrne was authorized by the board of directors of the Herbert Brush Mfg. Company to act for it after its dissolution or to file this proceeding.

As pointed out in *Consolidated Companies, Inc.*, 15 B. T. A. 645, the jurisdiction of this Board is prescribed and limited by statute and all essential jurisdictional facts must affirmatively appear. Such jurisdictional facts do not appear in the instant proceeding and we must, therefore, upon our own motion, dismiss the entire proceeding for lack of jurisdiction. See also *Union Plate & Wire Co.*, 17 B. T. A. 1229; *Sanborn Bros. Successors, etc.*, 14 B. T. A. 1059; and *First Bond & Mortgage Co.*, 21 B. T. A. 1.

Reviewed by the Board.

*Order of dismissal will be entered accordingly.*