WHEELER'S PEACHTREE PHARMACY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76627. Filed October 31, 1960.

*L. Eugene McNatt, Esq.*, and *Max M. Cuba, Esq.*, for the petitioner.
*James R. Harper, Jr., Esq.*, for the respondent.

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income tax and additions to tax under section 293 (b), I.R.C. 1939, for the years 1948, 1949, and 1950. The matter is before us now on petitioner's motion to dismiss for lack of jurisdiction.

### FINDINGS OF FACT.

Petitioner was a Georgia corporation with its principal offices in Atlanta, Georgia, and filed its income tax returns for the years 1948, 1949, and 1950 with the collector of internal revenue for the district of Georgia.

Petitioner was incorporated under the name of Peachtree Pharmacy, Inc., under the laws of the State of Georgia in 1933. In August 1946, R. G. Wheeler and C. B. Wheeler purchased all of the stock of the corporation.

The 1946 income tax return for the corporation was filed in the name of "WHEELER'S PEACHTREE PHARMACY, INC., Successors to Peachtree Pharmacy, Inc.," and indicated that the taxpayer had been incorporated in the State of Georgia in 1933, and that it had filed its returns for the preceding year in Atlanta, Georgia. The corporation filed returns for the years 1947 through 1951 in the name of "Wheeler's Peachtree Pharmacy, Inc.," giving the same information with respect to the date of its incorporation. The address of the corporation was the same on all of the above returns, being 557 Peachtree Street, NE, Atlanta, Georgia. The balance sheet figures on each of the above returns for the end of one year were the same as the balance sheet figures for the beginning of the next year.

Consents were filed in the name of Wheeler's Peachtree Pharmacy, Inc., extending the statute of limitations for assessment and collection of deficiencies and additions to tax for the taxable year 1948, as follows:

| Date agreement executed | Extending period for assessment to June 30— |
|---|---|
| Jan. 29, 1952 | 1953 |
| June 15, 1953 | 1954 |
| Feb. 23, 1954 | 1955 |
| May 19, 1955 | 1956 |
| May 7, 1956 | 1957 |
| Apr. 26, 1957 | 1958 |

No consent extending the statute of limitations for assessment and collection of deficiencies and additions to tax was filed in the name of Wheeler's Peachtree Pharmacy, Inc., for the taxable year 1949.

Consents were filed in the name of Wheeler's Peachtree Pharmacy, Inc., extending the statute of limitations for assessment and collection of deficiencies and additions to tax for the taxable year 1950, as follows:

| Date agreement executed | Extending period for assessment to June 30— |
|---|---|
| Mar. 8, 1954 | 1955 |
| June 1, 1955 | 1956 |
| May 7, 1956 | 1957 |
| Apr. 26, 1957 | 1958 |

Upon petition for dissolution filed by Peachtree Pharmacy, Inc., in the Superior Court of Fulton County, Georgia, pursuant to resolutions adopted by the directors and stockholders of that corporation, an order was entered by that court on March 26, 1952, dissolving such corporation and surrendering its charter. Attached to the petition was a publisher's affidavit that notice had been published once a week for 4 weeks of the surrender of the charter of Peachtree Pharmacy, Inc.

A representative of respondent's began an examination of the returns of Wheeler's Peachtree Pharmacy, Inc., at 557 Peachtree Street, NE, Atlanta, Georgia, on January 7, 1952. The agent worked on the audit approximately 12 days and filed his preliminary report with his superiors on September 12, 1952. A notice of deficiency was issued to Wheeler's Peachtree Pharmacy, Inc., 557 Peachtree Street, NE, Atlanta, Georgia, determining deficiencies in tax and additions to tax for the years 1948, 1949, and 1950 under date of June 27, 1958.

Attached to the 1951 income tax return for Wheeler's Peachtree Pharmacy, Inc., is a letter dated June 30, 1952, from the collector of internal revenue, Atlanta, Georgia, addressed to Peachtree Pharmacy, Inc., 557 Peachtree Street, NE, Atlanta, Georgia, advising that the addressee's application for extension of time within which to file its corporate tax return could not be granted.

Peachtree Pharmacy, Inc., and Wheeler's Peachtree Pharmacy, Inc., were one and the same corporation. That corporation was formally dissolved under the laws of the State of Georgia on March 26, 1952.

### OPINION.

Petitioner moved to dismiss its own petition for lack of jurisdiction in this Court on the grounds that the corporation was nonexistent, having been dissolved in 1952, and there was no one authorized to act for it when this petition was filed. This Court being a court of limited jurisdiction, questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided. *National Committee To Secure Justice, Etc.*, 27 T.C. 837; *First Nat. Bank of*

*Wichita Falls, Trustee*, 3 T.C. 203. Consequently, both parties were given the opportunity to submit any evidence they desired relevant to this motion at the hearing on the motion.

The petition, which alleges that petitioner was liquidated in 1952, was filed on September 15, 1958, and was verified by R. G. Wheeler, who averred only that he was president of petitioner prior to its liquidation and if there is any person authorized to verify the petition he is that person.

[T]he Tax Court has no jurisdiction to entertain a proceeding purporting to be brought by a nonexistent party, *S. Hirsch Distilling Co.*, 14 B.T.A. 1073; nor by a person whose authority is not shown, *Coca-Cola Bottling Co.*, 22 B.T.A. 686. * * * [*National Committee To Secure Justice, Etc., supra* at 839.]

Respondent opposes petitioner's motion on two grounds: (1) That there was no formal dissolution of the corporation in conformity with the laws of Georgia, so the corporation must be regarded as still in existence for purposes of this action; and (2) that even if the corporation was dissolved in 1952, the filing of—

consents extending the statute of limitations for the years 1948 and 1950 constitute the commencement of a proceeding which was an essential element of winding up the corporate affairs. * * *

The evidence presented at the hearing on the motion refutes respondent's first argument, and we have found as a fact that petitioner was formally dissolved under the laws of Georgia on March 26, 1952. It is true that the certificate of dissolution was issued in the name of "Peachtree Pharmacy, Inc.," rather than "Wheeler's Peachtree Pharmacy, Inc.," the name in which the returns were filed, the notice of deficiency was issued, and the petition was filed. However, it is clear from the tax returns and other evidence that petitioner was incorporated in 1933 under the name "Peachtree Pharmacy, Inc."; that when the Wheelers bought the stock of the corporation in 1946, the name "Wheeler's" was simply added in front of the name without a formal change in name, and the return filed for the year 1946 indicated that "Wheeler's Peachtree Pharmacy, Inc.," was successor to "Peachtree Pharmacy, Inc."; and that "Peachtree Pharmacy, Inc.," and "Wheeler's Peachtree Pharmacy, Inc.," were one and the same corporation. In any event, jurisdiction must be affirmatively shown, *Herbert Brush Mfg. Co.*, 22 B.T.A. 646, and there is no evidence that there was any corporation in existence to file the petition herein, unless this corporation was kept alive after its formal dissolution for purposes of this proceeding by some provision of law.

Both parties here agree that the laws of Georgia govern the continued existence of this corporation for purposes of this proceeding. See *Columbia River Orchards, Inc.*, 15 T.C. 253; but cf. *Bahen & Wright* v. *Commissioner*, 176 F. 2d 538 (C.A. 4, 1949), reversing and

remanding an order of dismissal of this Court. Georgia Code Annotated, section 22–1874 (1938),[1] while not using exactly the same language, is similar to statutes in other States which provide that a dissolved corporation will be continued as a body corporate for the purpose of prosecuting and defending suits brought by or against them for a period of 3 years after dissolution and until final disposition of all suits begun within that time. This section of the Georgia law was first enacted in 1938 and we have been cited no cases interpreting this statute except *Trust Co. of Georgia* v. *Mortgage-Bond Co. of N.Y.*, 203 Ga. 461, 46 S.E. 2d 883, which is not pertinent here. However, similar statutes have been interpreted by this Court to limit the authority of anyone to act for a dissolved corporation unless the action, suit, or proceeding is commenced within the specified period following dissolution.[2] *First Nat. Bank of Wichita Falls, Trustee, supra*, and *Lincoln Tank Co.*, 19 B.T.A. 310 (both involving Texas statute). See also *Ann C. Field*, 32 T.C. 187, 204, on appeal (C.A. 6, 1959), and *Grand Rapids Brass Co.*, 2 T.C. 1155 (Michigan statute). We so interpret section 22–1874 of the Georgia law, and respondent does not argue to the contrary.

Respondent does argue, however, that the filing of consents extending the statute of limitations did commence a proceeding which was an essential element of winding up the corporate affairs, thereby suggesting, we assume, that the corporate existence was continued until the tax liability for those years is finally determined. Respondent cites *Ann C. Field, supra*. We disagree with such argument. The filing of such consents does not constitute the commencement of any action, suit, or proceeding. The only purpose for such consents is to extend the time within which respondent can make an assessment. It is well known that such consents are frequently obtained by respondent simply because his representatives have not had time to audit the taxpayer's returns, and that often no additional tax is even proposed by respondent.

Although the United States Court of Appeals for the Fourth Circuit, in *Bahen & Wright* v. *Commissioner, supra*, disagreed with this Court as to what constituted the beginning of an action, suit, or proceeding under the facts of that case, that court indicated that the

---

[1] Sec. 22–1874. Existence continued after dissolution.—All corporations, whether they expire by their own limitations or are otherwise dissolved, shall nevertheless be continued for the term of three years and until final disposition of all suits begun within that time from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them and enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their assets, but not for the purpose of continuing the business for which the said corporation shall have been established. (Acts 1937–38, Ex. Sess., pp. 214, 242.)

[2] Most of these statutes contain the words "proceeding" as well as "suit," whereas the Georgia statute uses only the word "suit," which might be construed as more limited in scope.

issuance of the Commissioner's notice of deficiency was the first formal step in a "proceeding," as used in the State statute there under consideration, to assess and collect additional taxes. Also see *American Stand. Watch Co.* v. *Commissioner*, 229 F. 2d 672 (C.A. 2, 1956). Certainly the filing of a consent either prior to or during the 3 years after dissolution cannot be considered the beginning of a "suit" by or against a corporation within the meaning of the Georgia statute cited above. Furthermore, all consents filed in behalf of this corporation even within the 3 years following its dissolution had expired before the notice of deficiency was issued or the petition was filed in this case.

The question in *Ann C. Field, supra,* was whether the statutory notices of transferee liability for tax deficiencies of a dissolved corporation whose assets had been distributed to petitioners were timely so that the assessments of transferee liability were not barred by the statute of limitations. We pointed out that the period of assessment of transferee liability is within 1 year after the expiration of the original period of limitation for assessment against the transferor, as properly extended by consents of the transferor. So the question there was whether a consent extending the statute of limitations properly executed in behalf of the transferor corporation within the 3-year period after dissolution extended the starting time of the additional 1-year period for transferee liability beyond the 3-year winding-up period, or whether the 1 year had to be calculated from the date 3 years from the date of dissolution. We held that under the circumstances there present, a consent extending the statute of limitations executed within the 3-year period after dissolution was valid and extended the period of limitation for assessment against the corporation to the date fixed in the consent and that such period was not limited by the ending of the 3-year period. Consequently, the 1-year period for transferee liability was calculated beginning with the date fixed in the consent.

Our conclusion in the *Field* case does not mean that the filing of consents alone constitutes the commencement of a "suit," the term used in the Georgia statute, or a "proceeding," which term was used in the Michigan statute there involved. The consent only extends the time under the internal revenue laws within which the necessary steps to make an assessment can be taken. In the *Field* case the assessment was made prior to the expiration of the 3-year period and we were careful to point out that the consent there involved was executed prior to the end of the 3-year period. Here no steps toward commencement of a suit or proceeding were taken by either petitioner or respondent within the 3-year period. Although the revenue agent completed his examination in 1952, there is no evidence that anything

other than executing successive consents was done by either party with respect to petitioner's tax liability from 1952 until respondent issued the notice of deficiency in 1958.

It follows that petitioner had ceased to exist when this petition was filed and no one had authority to act for it at that time, so petitioner's motion to dismiss for lack of jurisdiction will be granted. While it is not mentioned by either party, there would also seem to be some doubt of the authority of R. G. Wheeler, as president, to act for the dissolved corporation in view of the provisions of Georgia Code Annotated, sections 22–1875, 22–1876 (1938), providing that either the surviving directors, as trustees, or a court-appointed receiver shall have power to act for a dissolved corporation in winding up its affairs. See *Falls City Pontiac Co.*, 15 T.C. 977.

> *An order will be entered dismissing the proceeding for lack of jurisdiction.*