T.C. Memo. 2000-65


UNITED STATES TAX COURT


PHOTO ART MARKETING TRUST, JOHN P. WILDE, CO-TRUSTEE, AND PHOTO
ART PUBLISHING TRUST, JOHN P. WILDE, CO-TRUSTEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20582-98.          Filed February 29, 2000.


John P. Wilde, for petitioners.

<u>David W. Otto</u> and <u>Doreen M. Susi</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (respondent's motion).  We shall grant respondent's motion.

## Background

For purposes of respondent's motion, the parties do not dispute the following factual allegations that are part of the record. At all relevant times, each petitioner was a trust organized under the laws of the State of Arizona and was engaged in business in that State.

Upon commencement of the examination of each petitioner's taxable years 1995 and 1996, respondent requested that each petitioner provide respondent with complete copies of the trust documents relating to each such petitioner as well as other items of substantiation. Each petitioner refused to provide respondent with the trust documents and other information requested.

At the time respondent issued the notice of deficiency (notice) to each petitioner, respondent's address records indicated an entity named D & E Sword Co. as the trustee for each petitioner. Respondent's address records were not based on any trust documents or other legal documents submitted by each petitioner that could constitute credible evidence regarding who was/is the trustee of each petitioner. Instead, respondent's address records were prepared and updated in accordance with respondent's procedures and were based solely on correspondence submitted by each petitioner which alleged that D & E Sword Co. was the trustee for each petitioner.

The notice issued to petitioner Photo Art Marketing Trust was addressed as follows:

PHOTO ART MARKETING TRUST
SWORD D & E CO-TTES
P.O. BOX 4047
SEDONA, AZ 86340-4047 473

The notice issued to Photo Art Publishing Trust was addressed as follows:

PHOTO ART PUBLISHING TRUST
D & E SWORD TRUSTEE CO TTEE
P.O. BOX 4047
SEDONA, AZ 86340-4047 473

Photo Art Marketing Trust and Photo Art Publishing Trust jointly filed a petition in this Court. That petition was signed on behalf of Photo Art Marketing Trust and Photo Art Publishing Trust by John P. Wilde (Mr. Wilde), as "co-Trustee of Photo Art Marketing Trust and Photo Art Publishing Trust".

Respondent's motion contends in pertinent part:

7. Arizona law provides that the trustee has the capacity to institute court proceedings on behalf of the trust. A.R.S. § 14-7233 C. 25. However, Mr. Wilde has not demonstrated with credible evidence that he is a Co-Trustee of the [petitioner] trusts with capacity to bring the instant action.

* * * * * * *

11. Moreover, respondent's counsel contacted the Arizona Corporation Commission to determine the existence/validity of the entity called D & E Sword Company. The Corporation Commission informed respondent's counsel that it had no record of any entity by that name ever existing in the State of Arizona. Further, the Corporation Commission informed respondent's counsel that it had no record of any entity incorporated in

Arizona under the name of, or in reference to, an individual named John P. Wilde.

12.  There is absolutely no evidence from which the Court can adduce that there has been a legal assignment of John P. Wilde as the Co-Trustee of either of the petitioner trusts.

13.  Petitioners have provided no evidence that Mr. Wilde's appointment as Co-Trustee is valid or authorized under the terms of the trust indentures (assuming they exist).

14.  At a minimum, petitioners should be required to provide complete copies of the original trust document(s) wherein the initial trustee is appointed. Petitioners should also provide any and all documents in the chain of appointments of subsequent trustees. If the initial trustees or any successor trustees thereafter were, in fact, an entity called D & E Sword Company, petitioners should be required to produce credible evidence establishing legal existence and validity of that entity.

15.  Without the evidence described above in paragraph 14., petitioners have failed to demonstrate that John P. Wilde was legally appointed as Co-Trustee authorized to act on behalf of the trusts and bring the instant case before this Court.  See T.C. Rule 60(c).

Petitioners filed a response to respondent's motion in which they ask the Court to deny that motion.  Petitioners' response to respondent's motion asserts in pertinent part:

3.  The Respondent's objection goes to the management of the trusts, their internal affairs, concerns about their administration, the declaration of rights and the determinations of matters involving the trustees.  As the Respondent concedes that these are "Arizona Trusts" * * *, this issue falls within the exclusive jurisdiction of the superior court here in the State of Arizona.  See A.R.S. § 14-7201.  At this point, this court is without jurisdiction to determine whether * * * Mr. Wilde [is] the duly authorized Trustee.  The Petitioners need not remind the Court of

the consequences of taking any action over which sub-ject matter jurisdiction is completely lacking.

4.   Any objection the Respondent or Respondent's counsel has in this area must be taken up in the Supe-rior Court here in Arizona, assuming of course the Respondent or Respondent's counsel has standing.  The irony is of course, if Respondent or Respondent's counsel does take the matter up with the Superior Court, where the Respondent will have the burden of proof, and if the Superior Court finds that the Trusts are valid, then the Respondent will be barred by <u>res judicata</u> from asserting the sham trust claim that forms the basis for his deficiency determination.

5.   * * * In essence the factual claims raised by the Motion to Dismiss are inextricably intertwined with the facts going to the merits of the Commissioner's sham trust claim at issue in this case.  If the Trusts are valid, then Mr. Wilde, under Arizona Law, will be presumed to be the duly authorized trustee, whether it is as a Trustee of the resulting trust, constructive trust or expressed [sic] trust.  Therefore, the only course available to this Court is to defer consider-ation of the jurisdictional claims to the trial on the merits.  <u>Farr v. United States</u>, 990 F.2d 451, * * * [454] n.1 (9th Cir., 1993).  <u>Careau Group v. United Farm Workers [of Am.]</u>, 940 F.2d 1291, 1293 (9th Cir. 1991).  See also <u>Rosales v. United States</u>, 824 F.2d 799, 803 (9th Cir. 1987) ("A * * * [district] court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, <u>if the jurisdictional facts are not inter-twined with the merits</u>."  (Emphasis added))

The Court held a hearing on respondent's motion.  At that hearing, Mr. Wilde appeared on behalf of petitioners.[1]  Petition-

---

[1]At the hearing the Court informed Mr. Wilde that its allow-ing him to appear at the hearing as the alleged co-trustee of each petitioner did not mean that the Court agreed that he in fact was a duly appointed and authorized co-trustee of each petitioner.

ers proffered no evidence, and the parties presented no new arguments, at that hearing.

### Discussion

Rule 60[2] provides in pertinent part:

> (a) Petitioner: (1) <u>Deficiency or Liability Actions</u>: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1). A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * *

> * * * * * * *

> (c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

The parties do not dispute that each petitioner is a trust organized under the laws of, and doing business in, the State of Arizona. Under Arizona law, see Rule 60(c), a trustee has the power to commence litigation on behalf of a trust. See Ariz. Rev. Stat. Ann. sec. 14-7233.C.25. (West 1995). In the instant case, each petitioner has the burden of proving that this Court has jurisdiction, see <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348

---

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.

(1975); <u>National Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Consolidated Cos., Inc. v. Commissioner</u>, 15 B.T.A. 645, 651 (1929). In order to meet that burden, each petitioner must provide evidence establishing that Mr. Wilde has authority to act on its behalf. See <u>National Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, <u>supra</u> at 839-840; <u>Coca-Cola Bottling Co. v. Commissioner</u>, 22 B.T.A. 686, 700 (1931). We reject petitioners' position that under Arizona law the validity of the purported appointment of Mr. Wilde as co-trustee of each petitioner falls within the exclusive jurisdiction of the courts of the State of Arizona.

On the record before us, we find that each petitioner has failed to establish that Mr. Wilde is authorized to act on its behalf.[3]

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction granting respondent's motion will be entered</u>.

---

[3]We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.