T.C. Memo. 2002-73

UNITED STATES TAX COURT

HERBST ASSET MANAGEMENT TRUST, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9999-00, 10000-00,    Filed March 27, 2002.
10001-00, 10002-00.

John M. Tkacik, Jr., for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  These consolidated cases are before us on
respondent's motion to hold petitioner in default in the case at
docket No. 9999-00 (respondent's motion in the case at docket No.

---

[1]Cases of the following petitioners are consolidated here-
with:  Herbst Charitable Trust, docket No. 10000-00; Andrea
Herbst, docket No. 10001-00; and Ronald Herbst, docket No. 10002-
00.

9999-00), respondent's motion to hold petitioner in default in the case at docket No. 10000-00 (respondent's motion in the case at docket No. 10000-00), respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673[2] in the case at docket No. 10001-00 (respondent's motion in the case at docket No. 10001-00), and respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 10002-00 (respondent's motion in the case at docket No. 10002-00). (We shall refer collectively to those four motions as respondent's motions.) At the request of respondent, on October 15, 2001, the Court held a trial in order to enable respondent to present evidence to satisfy the burden of production under section 7491(c) that respondent maintains respondent has with respect to: (1) The accuracy-related penalty under section 6662(a) that respondent determined for each of the taxable years 1996 and 1997 in the notice of deficiency (notice) issued to Herbst Asset Management Trust (Herbst Management Trust)[3] in the case at docket No. 9999-00; (2) the addition to tax under section 6651(a)(1) for each of the taxable years 1996

---

[2]All section references are to the Internal Revenue Code (Code) in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]When referring in this Opinion to Herbst Asset Management Trust and Herbst Management Trust, our use of the word "Trust" and any similar words is for convenience only and is not intended to convey any meaning or have any significance for Federal tax purposes.

and 1997 that respondent determined in the notice issued to Herbst Charitable Trust[4] in the case at docket No. 10000-00;[5] (3) the accuracy-related penalty under section 6662(a) that respondent determined for each of the taxable years 1996 and 1997 in the notice issued to Andrea Herbst (Ms. Herbst) in the case at docket No. 10001-00; and (4) the accuracy-related penalty under section 6662(a) for each of the taxable years 1996 and 1997 that respondent determined in the notice issued to Ronald Herbst (Mr. Herbst) in the case at docket No. 10002-00.

## Background

The record establishes and/or the parties do not dispute the following:

At the time the respective petitions in these cases were filed, Herbst Management Trust, Herbst Charitable Trust, Ms. Herbst, and Mr. Herbst listed in those petitions the same address in Canton, Ohio.

---

[4]When referring in this Opinion to Herbst Charitable Trust, our use of the word "Trust" and any similar words are for convenience only and is not intended to convey any meaning or have any significance for Federal tax purposes.

[5]In the notice issued to Herbst Charitable Trust, respondent also determined to impose the accuracy-related penalty under sec. 6662(a) for each of the taxable years 1996 and 1997. At the trial, respondent indicated that respondent was abandoning pursuing the determinations in the notice issued to Herbst Charitable Trust to impose the penalty under sec. 6662(a) for each of the taxable years 1996 and 1997.

Herbst Management Trust filed Form 1041, U.S. Income Tax Return for Estates and Trusts (trust return), for each of the taxable years 1996 and 1997. In separate Schedules K-1, Beneficiary's Share of Income, Deductions, Credits, etc., that Herbst Management Trust included with each of its 1996 and 1997 trust returns, Herbst Management Trust showed Mr. Herbst, Ms. Herbst, and Herbst Charitable Trust as beneficiaries and Mr. Herbst and Ms. Herbst as fiduciaries of Herbst Management Trust.

In each of its 1996 and 1997 trust returns, Herbst Management Trust deducted depreciation with respect to certain personal assets of Ms. Herbst and/or Mr. Herbst, including their personal residence that they had transferred to Herbst Management Trust at a time that is not disclosed by the record. Herbst Management Trust also deducted other amounts in its 1996 and 1997 trust returns with respect to personal expenses of Ms. Herbst and/or Mr. Herbst.

During respondent's examination of Herbst Management Trust's 1996 and 1997 trust returns and thereafter, respondent was provided with a trust document relating to Herbst Management Trust. That document showed an individual named Edward Bartolli as the original trustee of Herbst Management Trust. Edward Bartolli resigned shortly after the Herbst Management Trust was purportedly formed. During respondent's examination of Herbst Management Trust's 1996 and 1997 trust returns and thereafter, no

books, records, or other reliable information was provided to respondent establishing (1) the jurisdiction under the laws of which Herbst Management Trust was purportedly organized, (2) the person who is authorized to act on behalf of Herbst Management Trust, and (3) that Herbst Management Trust was at all relevant times a trust cognizable for Federal tax purposes. Nor did Herbst Management Trust at any time provide any books, records, or other information to respondent establishing the income reported and the expense deductions claimed in Herbst Management Trust's 1996 and 1997 trust returns.

In the notice issued to Herbst Management Trust, respondent determined, inter alia, that Herbst Management Trust is liable for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a).

Respondent has no record of Herbst Charitable Trust's having filed with respondent Form 990-PF, Return of Private Foundation (Form 990-PF), for either of the taxable years 1996 and 1997. Nor does respondent have a record of any other Federal tax returns having been filed by Herbst Charitable Trust for those years.

In response to a request by respondent for information with respect to Herbst Charitable Trust, respondent was provided with a copy of Form 990-PF for each of the taxable years 1996 and 1997 that showed Herbst Charitable Trust as the organization to which

each such form pertained. However, as discussed above, respondent has no record that Herbst Charitable Trust filed with respondent Forms 990-PF for the taxable years 1996 and 1997.

During respondent's examination of Herbst Charitable Trust's taxable years 1996 and 1997 and thereafter, no books, records, or other information was provided to respondent establishing (1) the jurisdiction under the laws of which Herbst Charitable Trust was purportedly organized, (2) the person who is authorized to act on behalf of Herbst Charitable Trust, and (3) that Herbst Charitable Trust was at all relevant times a trust cognizable for Federal tax purposes. Nor did Herbst Charitable Trust at any time provide any books, records, or other information to respondent establishing the income shown and the expense deductions claimed in the copies of Forms 990-PF for the taxable years 1996 and 1997 that were provided to respondent during respondent's examination of Herbst Charitable Trust in response to respondent's request for information with respect to Herbst Charitable Trust and that showed Herbst Charitable Trust as the organization to which each such form pertained.

In the notice issued to Herbst Charitable Trust, respondent determined, inter alia, that Herbst Charitable Trust is liable for each of the taxable years 1996 and 1997 for the addition to tax under section 6651(a)(1) and for the accuracy-related penalty under section 6662(a).

Ms. Herbst filed Form 1040, U.S. Individual Income Tax Return (return), for each of the taxable years 1996 and 1997. During respondent's examination of Ms. Herbst's 1996 and 1997 returns and thereafter, Ms. Herbst provided no books, records, or other information to respondent establishing the income reported and the expense deductions claimed in those returns.

In the notice issued to Ms. Herbst, respondent determined, inter alia, that Ms. Herbst is liable for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a).

Mr. Herbst filed a return for each of the taxable years 1996 and 1997. During respondent's examination of Mr. Herbst's 1996 and 1997 returns and thereafter, Mr. Herbst provided no books, records, or other information to respondent establishing the income reported and the expense deductions claimed in those returns.

In the notice that respondent issued to Mr. Herbst, respondent determined, inter alia, that Mr. Herbst is liable for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a).

James Binge (Mr. Binge) was the return preparer for each of Herbst Management Trust's 1996 and 1997 trust returns, each of Ms. Herbst's 1996 and 1997 returns, and each of Mr. Herbst's 1996 and 1997 returns. Mr. Binge was also listed as the return

preparer for each of Herbst Charitable Trust's Forms 990-PF for the taxable years 1996 and 1997 that were provided to respondent during respondent's examination of Herbst Charitable Trust but that respondent has no record of having been filed with respondent. Respondent has identified Mr. Binge as an individual involved with purported trusts used for tax avoidance purposes.

On August 31, 2001, respondent filed separate motions to compel answers to interrogatories and to compel production of documents in each of the cases at docket Nos. 10001-00 and 10002-00. On September 19, 2001, the Court granted each of those motions. Neither Ms. Herbst nor Mr. Herbst answered respondent's interrogatories or produced the documents requested by respondent, as ordered by the Court on September 19, 2001.

On October 3, 2001, Herbst Management Trust, Herbst Charitable Trust, Ms. Herbst, and Mr. Herbst filed a joint motion to continue the trial in these cases, which the Court denied on October 4, 2001.

On October 15, 2001, these cases were called from the Court's trial calendar at the Court's trial session in Cleveland, Ohio (Cleveland trial session). At that calendar call, there was no appearance by or on behalf of Herbst Management Trust, Herbst Charitable Trust, Ms. Herbst, and Mr. Herbst. At that time, respondent orally moved to dismiss each of these cases for failure to prosecute, and respondent requested, and the Court

held, a trial because, according to respondent, respondent has the burden of production pursuant to section 7491(c) with respect to (1) the accuracy-related penalties under section 6662(a) for 1996 and 1997 that respondent determined against Herbst Management Trust, (2) the additions to tax under section 6651(a)(1) for 1996 and 1997 that respondent determined against Herbst Charitable Trust,[6] and (3) the respective accuracy-related penalties under section 6662(a) for 1996 and 1997 that respondent determined against Ms. Herbst and against Mr. Herbst.  At the trial in these cases on October 15, 2001, there was no appearance by or on behalf of Herbst Management Trust, Herbst Charitable Trust, Ms. Herbst, or Mr. Herbst.

On November 13, 2001, respondent filed a written motion to hold petitioner in default in each of the cases at docket Nos. 9999-00 and 10000-00 and a written motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in each of the cases at docket Nos. 10001-00 and 10002-00.

On December 3, 2001, the Court sua sponte issued separate Orders (December 3, 2001 Show Cause Orders) directing each party in the case at docket No. 9999-00 in which Herbst Asset Management Trust is named as petitioner and in the case at docket No. 10000-00 in which Herbst Charitable Trust is named as petitioner to

---

[6]See supra note 5.

show cause in writing why the Court has jurisdiction over this case, including the identity of any purported fiduciary of petitioner and a detailed analysis of why such purported fiduciary has the capacity to litigate in the Court on behalf of petitioner.

On December 19, 2001, respondent filed separate written responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 9999-00 and 10000-00 in which respondent contended, inter alia, that Herbst Management Trust and Herbst Charitable Trust, respectively,

11. * * * failed to establish that a trustee, if authorized, acted on its behalf when the purported petition was filed with the Court on September 25, 2000.

12. * * * failed to file a proper petition with this Court in that the petition was not brought by and with the full descriptive name of the fiduciary entitled to institute a case on its behalf.

Respondent further argued in those separate responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 9999-00 and 10000-00 that

Since the petition in this case was not brought by a party with proper capacity as required by the Tax Court Rules of Practice and Procedure, the Court lacks jurisdiction * * *.

On December 20, 2001, Herbst Management Trust and Herbst Charitable Trust filed separate written responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 9999-00 and 10000-00 (Herbst Management Trust's response to the December 3, 2001 Show Cause Order and Herbst Charitable Trust's response to the December 3, 2001 Show Cause Order, respectively), each of

which was signed by Terrence A. Bentivegna (Mr. Bentivegna) who identified himself in each such response as "Trustee". Each such response asserted that "Petitioner does not believe that this Court has jurisdiction." In support of that position, Herbst Management Trust's response to the December 3, 2001 Show Cause Order and Herbst Charitable Trust's response to the December 3, 2001 Show Cause Order set forth statements and contentions that the Court finds to be frivolous and/or groundless.[7]

---

[7]Each such response to the December 3, 2001 Show Cause Order stated in pertinent part:

1. Petitioner petitioned this Court after having received false and misleading information from the respondent and attorneys David Wise and his associate Carol Jackson. The respondent has failed to properly assess any taxes in accordance with their required administrative procedures, and yet advised the petitioner that the only method of disagreeing with the purported tax liability was to petition this Court.

2. This Courts' [sic] order states ". . . petitioner purports to be a trust . . ." Petitioner **is** a trust, and the respondent has never been able to prove otherwise. Nor does the respondent have the right or ability to set aside a contract.

    *       *       *       *       *       *       *

4. Petitioner does not want this false tax claim to be litigated in court, and has petitioned this Court to have this case removed from the docket as having been petitioned in error due to the erroneous instructions given by the respondent.

**WHEREFORE** it is prayed that:

1. This Court dismiss this case at petitioner's re-

(continued...)

On January 16, 2002, Herbst Management Trust filed a response to respondent's motion to hold petitioner in default in the case at docket No. 9999-00, and petitioner in each of the cases at docket Nos. 10001-00 and 10002-00 filed a response to respondent's motion in each such case to dismiss for lack of prosecution and to impose sanctions under section 6673.  On January 30, 2002, Herbst Charitable Trust filed a response to respondent's motion to hold petitioner in default in the case at docket No. 10000-00.  Each of those respective responses contained arguments and contentions that the Court found in an Order dated January 18, 2002, in the case at docket No. 9999-00, an

---

[7](...continued)
quest as the original petition was issued in error due to false directions given to petitioner by respondent.  Petitioner believes that he has the right to correct his mistake and withdraw the original petition.

2. This Court and the respondent recognize the petitioner as a Trust and cease attempting to set aside a contract in direct opposition to the Constitution of the United States of America.

3. This court sanction the respondent for using this Court for illegal purposes.  Respondent has no legal tax claim as petitioner has noted to respondent and this Court on numerous occasions.  Without a legal claim, respondent fraudulently instructed petitioner to use this Court to legitimize his illegal attempt to deprive petitioner of his assets.

4. This Court instruct the respondent to cease, now and forever, harassment of petitioner.

Order dated February 4, 2002, in the case at docket No. 10000-00, an Order dated January 18, 2002, in the case at docket No. 10001-00, and an Order dated January 18, 2002, in the case at docket No. 10002-00 to be frivolous and/or groundless. In each of those Orders, the Court reminded each petitioner about section 6673(a)(1).[8]

On February 15, 2002, Herbst Management Trust, Herbst Charitable Trust, Ms. Herbst, and Mr. Herbst filed a joint brief in these cases. That brief sets forth statements, contentions,

---

[8]Sec. 6673(a)(1) states:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for de-lay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

and arguments that the Court finds to be frivolous and/or ground-less.[9]

_____

[9]Petitioners' joint brief in these cases states in pertinent part:

> This is a proceeding to determine if the Internal Revenue Service can ignore the strict limitations imposed on it by Congress, via the Code of Federal Regulations, and its' [sic] own required administrative procedures to extort assets from unsuspecting inhabit-ants of one of the fifty (50) states of the United States of America, to wit:  Ronald Herbst, et al.

> \*          \*          \*          \*          \*          \*          \*

> U.S.C. Title 26 Section 7602 is the I.R.S.'s authority to examine books and records regarding "internal reve-nue tax"--**not income tax**.  This is corroborated by the fact that the implementing regulation for Section 7602 is located in C.F.R. Title 27, parts 70, 170 and 296.

> \*          \*          \*          \*          \*          \*          \*

> In accordance with C.F.R. 1.861-8(f) petitioners, et al, do not receive any "income" or receipts from a "taxable source".

> \*          \*          \*          \*          \*          \*          \*

> Petitioners, et al, have never been legally assessed any tax as required by U.S.C. Title 26 Section 6203 and C.F.R. regulation 301.6203-1 and corroborated in Bull v. U.S., 295 US 247 \* \* \*.

> Petitioners, et al, determinations are based on Supreme Court decisions, Treasury Orders, U.S.C. Title 26 codes, and implementing (or lack of implementing) C.F.R. Title 26 regulations and various other refer-ences, and as such cannot be considered frivolous or ". . . a hodgepodge of unsupported assertions, irrele-vant platitudes and legalistic gibberish."

> \*          \*          \*          \*          \*          \*          \*

(continued...)

## Discussion

Herbst Management Trust and Herbst Charitable Trust

On December 3, 2001, the Court sua sponte issued the respective December 3, 2001 Show Cause Orders regarding the Court's jurisdiction over the cases at docket Nos. 9999-00 and 10000-00.

Rule 60 provides in pertinent part:

---

[9](...continued)
Ronald Herbst, et al, petitioners in the cases at Docket Nos. 9999-00, 10000-00, 10001-00 and 10002-00 are not liable for any income tax, penalties and/or interest pursuant to any U.S.C. Title 26 code sections.

Petitioners, et al, have at all times rebutted and refuted respondents prima facie allegations; thus, the burden of proof is on the respondent.

Treasury Order 120-01 dated June 6, 1972 establishes the Bureau of Alcohol, Tobacco and Firearms and transfers U.S.C. Title 26 Section 61 through 80, inclusive, to U.S.C. Title 27 and the Bureau of Alcohol, Tobacco and Firearms. Petitioners, et al, are not now and never have been involved in the manufacture, distribution or sale of alcohol, tobacco or firearms, or been involved in any other excise taxable activity. This is corroborated by the Code of Federal Regulations Table of Authority and Rules.

A review of the Department of the Treasury organization chart reveals that the Internal Revenue Service is not administered by any of the organizations with enforcement authority. This is corroborated by the fact that there are no Title 26 implementing regulation under Title 26 C.F.R.

The established trusts bear no burden of proof as their records are not subject to review. Boyd vs. U.S. 116 U.S. 618; Silver Thorne Lumber Co. vs U.S. 1251 U.S. 385.

(a) Petitioner:  (1) <u>Deficiency or Liability
Actions</u>:  A case shall be brought by and in the name of
the person against whom the Commissioner determined the
deficiency (in the case of a notice of deficiency)
* * * or by and with the full descriptive name of the
fiduciary entitled to institute a case on behalf of
such person.  See Rule 23(a)(1).  A case timely brought
shall not be dismissed on the ground that it is not
properly brought on behalf of a party until a reason-
able time has been allowed after objection for ratifi-
cation by such party of the bringing of the case; and
such ratification shall have the same effect as if the
case had been properly brought by such party. * * *

*       *       *       *       *       *       *

(c)  Capacity:  * * * The capacity of a fiduciary
or other representative to litigate in the Court shall
be determined in accordance with the law of the juris-
diction from which such person's authority is derived.

The record does not establish where Herbst Management Trust
and Herbst Charitable Trust were organized.  The respective
petitions in the cases at docket Nos. 9999-00 and 10000-00 listed
an address for Herbst Management Trust and Herbst Charitable
Trust in Canton, Ohio,[10] which is also the service address used
by the Court in those cases.  Assuming arguendo that Herbst
Management Trust and Herbst Charitable Trust were trusts orga-
nized under the laws of the State of Ohio, the administration of
each of which is subject to the laws of that State, under Ohio
law, see Rule 60(c), a trustee generally is the proper party
authorized to act on behalf of a trust.  <u>Firestone v. Galbreath</u>,

---

[10]The Ohio address listed in the respective petitions in the
cases at docket Nos. 9999-00 and 10000-00 is the same address
listed by petitioners in the respective cases at docket Nos.
10001-00 and 10002-00.

976 F.2d 279, 284 (6th Cir. 1992); <u>Saxton v. Seiberling</u>, 48 Ohio St. 554, 29 N.E. 179 (1891); see Ohio R. Civ. P. 17(A).[11]

In the cases at docket Nos. 9999-00 and 10000-00, Herbst Management Trust and Herbst Charitable Trust, respectively, have the burden of proving that this Court has jurisdiction, see <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Consol. Cos. v. Commissioner</u>, 15 B.T.A. 645, 651 (1929).  In order to meet that burden, Herbst Management Trust in the case at docket No. 9999-00 and Herbst Charitable Trust in the case at docket No. 10000-00 must provide evidence establishing who has the authority to act on its behalf in each such proceeding.  See <u>Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, <u>supra</u> at 839-840;

---

[11]Ohio R. Civ. P. 17(A) provides in pertinent part:

**RULE 17.  Parties plaintiff and defendant; capacity**

**(A) Real party in interest.**  Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, <u>trustee of an express trust</u>, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * [Emphasis added.]

Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931).

On the instant record, we find that Herbst Management Trust in the case at docket No. 9999-00 and Herbst Charitable Trust in the case at docket No. 10000-00 have failed to establish who has the authority to act on their behalf in those respective proceedings. We further find on that record that neither of the cases at docket Nos. 9999-00 and 10000-00 was brought by and with the full descriptive name of the fiduciary entitled to institute each such case on behalf of Herbst Management Trust or Herbst Charitable Trust, as the case may be, as required by Rule 60(a)(1). On the record before us, we conclude that we do not have jurisdiction over the cases at docket Nos. 9999-00 and 10000-00. Accordingly, we shall dismiss those cases for lack of jurisdiction.[12]

Ms. Herbst and Mr. Herbst

Neither Ms. Herbst nor any authorized representative of Ms. Herbst appeared at the Court's Cleveland trial session on October 15, 2001, at the call of these consolidated cases from the Court's trial calendar. Neither Mr. Herbst nor any authorized representative of Mr. Herbst appeared at that calendar call.

At the trial held by the Court in the case at docket No.

---

[12]Because we shall dismiss the cases at docket Nos. 9999-00 and 10000-00 for lack of jurisdiction, we shall deny respondent's motion in the case at docket No. 9999-00 and respondent's motion in the case at docket No. 10000-00.

10001-00, neither Ms. Herbst nor any authorized representative of Ms. Herbst appeared.  At the trial held by the Court in the case at docket No. 10002-00, neither Mr. Herbst nor any authorized representative of Mr. Herbst appeared.

The respective written responses by Ms. Herbst and Mr. Herbst to respondent's respective motions to dismiss for lack of prosecution and to impose sanctions under section 6673 in the cases at docket Nos. 10001-00 and 10002-00 do not contain any valid reason why those cases should not be dismissed for lack of prosecution.  Those respective responses contained contentions and arguments that the Court found in the Court's respective Orders in those cases dated January 18, 2002, to be frivolous and/or groundless.  The joint brief filed by Ms. Herbst and Mr. Herbst (and Herbst Management Trust and Herbst Charitable Trust) also contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless and do not set forth any valid reason why the cases at docket Nos. 10001-00 and 10002-00 should not be dismissed for lack of prosecution.

Section 7491(c) provides in pertinent part:

SEC. 7491.  BURDEN OF PROOF.

    (c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty * * *.

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax resulting from, inter alia,

negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). For purposes of section 6662(a), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the tax return, sec. 6662(d)(2)(A), and is substantial in the case of an individual if it exceeds the greater of 10 percent of the tax required to be shown in the return or $5,000, sec. 6662(d)(1)(A). For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as a lack of due care or failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circum-stances, including the taxpayer's efforts to assess his or her

proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional, such as an accountant, does not necessarily demonstrate reasonable cause and good faith unless, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. Id. In the case of claimed reliance on the accountant who prepared the taxpayer's tax return, the taxpayer must establish that correct information was provided to the accountant and that the item incorrectly omitted, claimed, or reported in the return was the result of the accountant's error. Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978).

On the record before us, we find that respondent has satisfied the burden of production that respondent maintains respondent has with respect to the respective accuracy-related penalties under section 6662(a) that respondent determined to impose on Ms. Herbst and on Mr. Herbst for the taxable years 1996 and 1997.[13]

Based on our examination of the entire record before us, we shall grant respondent's motion in the case at docket No. 10001-

---

[13]We are not deciding in the cases at docket Nos. 10001-00 and 10002-00 whether the Commissioner of Internal Revenue has the burden of production in cases subject to sec. 7491(c) when a taxpayer fails to appear for trial.

00 and respondent's motion in the case at docket No. 10002-00 in that we shall dismiss each of those cases for failure by petitioner in each such case to prosecute such case, and we shall enter a decision in each of those cases sustaining the determinations that respondent made in the notice to which each such case pertains but in the reduced amounts which respondent concedes are appropriate in order to reflect the duplication of certain income determinations in the respective notices issued to Ms. Herbst and Mr. Herbst.[14]

In respondent's motions in the cases at docket Nos. 10001-00 and 10002-00, respondent also asks the Court to impose a penalty under section 6673(a)(1) on petitioner in each of those cases. As grounds therefor, respondent contends that each of those

---

[14]As explained in respondent's respective motions in the cases at docket Nos. 10001-00 and 10002-00, respondent attributed the income reported for each of the taxable years 1996 and 1997 by Herbst Management Trust 100 percent to Ms. Herbst, Mr. Herbst, and Herbst Charitable Trust. The amounts of such income attributed to Herbst Charitable Trust were reattributed to Ms. Herbst and Mr. Herbst, which resulted in a duplication of said amounts of income in the respective notices issued to Ms. Herbst and Mr. Herbst. As set forth in respondent's respective motions in the cases at docket Nos. 10001-00 and 10002-00 and in the respective exhibits attached to those motions, the revised deficiencies for Ms. Herbst for the taxable years 1996 and 1997 are $46,909 and $55,145, respectively, and the revised deficiencies for Mr. Herbst for the taxable years 1996 and 1997 are $47,449 and $55,906, respectively. Consistently, the revised accuracy-related penalties under sec. 6662(a) imposed on Ms. Herbst for the taxable years 1996 and 1997 are $9,381.80 and $11,029, respectively, and the revised accuracy-related penalties under sec. 6662(a) imposed on Mr. Herbst for the taxable years 1996 and 1997 are $9,489.80 and $11,181.20, respectively.

petitioners (1) instituted proceedings in the Court primarily for delay, (2) advanced frivolous and groundless positions in such proceedings, and (3) unreasonably failed to pursue administrative remedies.

On the record before us, we find that Ms. Herbst instituted the proceedings in the case at docket No. 10001-00 primarily for delay. We also find on that record that Ms. Herbst's position in the case at docket No. 10001-00 is frivolous and/or groundless. On the record before us, we shall impose a penalty on Ms. Herbst pursuant to section 6673(a)(1) in the amount of $25,000.

On the record before us, we find that Mr. Herbst instituted the proceedings in the case at docket No. 10002-00 primarily for delay. We also find on that record that Mr. Herbst's position in the case at docket No. 10002-00 is frivolous and/or groundless. On the record before us, we shall impose a penalty on Mr. Herbst pursuant to section 6673(a)(1) in the amount of $25,000.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction and denying respondent's motion will be entered in each of the cases at docket Nos. 9999-00 and 10000-00, and an appropriate order granting respondent's motion and decision</u>

- 24 -

will be entered in each of the cases at docket Nos. 10001-00 and 10002-00 sustaining respondent's determinations in reduced amounts and imposing a penalty under section 6673(a)(1) in each of those two cases.